# Ballard Spahr
### LLP

----------------------------

1675 Broadway, 19th Floor
New York, NY 10019-5820

TEL 212.223.0200

FAX 212.223.1942

www.ballardspahr.com

Jacquelyn Schell
Tel: 646.446.8048
Fax: 212.223.1942
SchellJ@ballardspahr.com

August 19, 2025

*By Electronic Filing*

U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Jess Bahs and Denise Bahs v. John Doe Defendant(s) (1)-(3)*, Motion to Quash Non-
        Party Subpoena in Underlying Case No. 2:25-cv-11548 (E.D. Mich.)

Your Honor:

We represent Nasdaq, Inc. ("Nasdaq"), a non-party on which Plaintiffs Jess and Denise Bahs ("Plaintiffs") served a document subpoena in the above-referenced action ("Subpoena"). *See* Ex. A. We write, pursuant to Fed. R. Civ. P. 45(d) and Local Civil Rule 37.2, to request a pre-motion conference in advance of Nasdaq's anticipated motion to quash the Subpoena. The Subpoena is improper for several reasons, including because it violates the Private Securities Litigation Reform Act's ("PSLRA") mandatory discovery stay and imposes an undue burden.

## I.      Background

Plaintiffs are Jess Bahs, an attorney and armchair retail securities trader, and Denise Bahs, his spouse, who filed a securities fraud action in the Eastern District of Michigan against three John Doe Defendants and no named defendants. *See Bahs v. Does*, No. 2:25-cv-11548 (E.D. Mich.) (hereafter, "*Bahs*"), ECF No. 1. The Complaint does not describe any entity's actual conduct. Instead, it is premised on the bald allegation that the Doe Defendants manipulated or aided the manipulation of the price of securities known as Exchange Traded Funds ("ETFs") that Plaintiffs purchased during the years 2021 and 2022. *Id.* ¶¶ 1-18. The Complaint alleges violations of federal securities law, including Sections 9(a)(2) and 10(b) of the Securities Exchange Act of 1934, as amended by the PSLRA. *Id.* ¶¶ 35-47.

Soon after filing the Complaint, Plaintiffs filed an Ex Parte Motion for Leave to File Third Party Subpoenas Prior to a Rule 26(f) Conference ("Ex Parte Motion"). *Bahs*, ECF No. 2. Plaintiffs sought permission to serve three document subpoenas on non-parties "for the limited purpose of identifying the parties making the trades at issue." *Id.* (Mem. at 9). Nasdaq is one of the three non-parties. Plaintiffs never notified Nasdaq of their Ex Parte Motion, and the Motion did not address for the Eastern District of Michigan District Court the PSLRA's mandatory stay on discovery. In a one-paragraph order, that District Court granted Plaintiffs' motion. *Bahs*, ECF No. 4.

In the Ex Parte Motion, Plaintiffs purported to rely upon, but did not attach, what they called "plentiful statistical evidence" supporting their theory that "unknown parties are engaging in fraudulent schemes to manipulate the price of the ETFs traded by Plaintiffs." *Bahs*, ECF No. 2

U.S. District Judge
August 19, 2025
Page 2

(Mem. at 1 & 8). However, Plaintiffs have acknowledged to Nasdaq that Mr. Bahs conducted the analysis, not an economist. According to his law firm web bio, Mr. Bahs is a corporate attorney, not a statistician or econometrician. *See* https://fisherbroyles.com/people/jess-bahs/

On June 5, 2025, Plaintiffs served the Subpoena on Nasdaq. Ex. A. The Subpoena requires production in this venue, and demands that Nasdaq produce massive amounts of data, including, among other things, "all order message data – including order placements, modifications, cancellations, and executions – from" three Nasdaq trading platforms related to a list of 13 ETFs for 16 market participants and nearly 50 market participant identifiers ("MPIDs") during a two-year period. Ex. A (Attach. A at 1-2). It further requests that Nasdaq search for 11 fields of information, most of which do not pertain to the identity of any particular entity. *Id.* (Attach. A at 2-3). What is more, the Subpoena demands that Nasdaq conduct its own analysis for Plaintiffs by providing "order data" concerning additional unspecified MPIDs if an "MPID is one of the top 15 MPIDs that are most active on each calendar day in the Relevant Time Period for the Relevant ETFs (based on number of orders placed, whether cancelled or filled)." *Id.* (Attach. A at 4). Finally, the Subpoena contains a broad catch-all provision, requesting "all documents and data reflecting or relating to any trading or order activity in the Relevant ETFs." *Id.* (Attach. A at 4).

On June 16, 2025, Nasdaq timely objected to the Subpoena. *See* Ex. B (Nasdaq's Objection Letter). Those objections include, among others, that the Subpoena violates the PSLRA's mandatory discovery stay and imposes an undue burden on Nasdaq. Counsel for Nasdaq met and conferred with Plaintiffs' Counsel on one occasion by telephone and also through a number of emails. As a result of the meet and confer, Plaintiffs confirmed they would not withdraw the Subpoena, but that they would narrow it to some degree, seeking trading data for five ETFs, for 60 non-consecutive days, for four of the nation's largest securities trading firms, whose identities Plaintiffs specified. In addition, insofar as it is pertinent to the PSLRA, Plaintiffs also clarified they were reserving the right to name Nasdaq as a defendant.[1]

## II.    Argument

Nasdaq respectfully moves the Court to enter a protective order quashing Plaintiffs' Subpoena.[2] Under Rule 45, the "court for the district where compliance is required" *must* quash a subpoena that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

As Nasdaq is located in New York City, this Court has jurisdiction over the enforcement of Plaintiffs' Subpoena. *See In re Smerling Litig.*, 2022 WL 684148, at *2 (S.D.N.Y. Mar. 8, 2022). As explained below, this Court must quash the Subpoena because it was served in violation of the PSLRA's mandatory discovery stay and it otherwise imposes an undue burden on a non-party.

---

[1] In response to Nasdaq's inquiry, Plaintiffs, in an August 14, 2025 email, specified, "While the Bahs's have no present intention of suing NASDAQ, they of course cannot provide a release or covenant not to sue at this juncture because they would be doing so in a vacuum."
[2] Because Nasdaq objected to the Subpoena within 14 days of receipt, it has complied with its obligations under Fed. R. Civ. P. 54(d)(2)(B).

U.S. District Judge
August 19, 2025
Page 3

### a. The Subpoena violates the PSLRA's mandatory discovery stay.

The "PSLRA requires that the sufficiency of all claims asserted under the federal securities laws be determined *before* discovery proceeds." *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945, at *4 (S.D.N.Y. Oct. 14, 2005) (emphasis added). To that end, the PSLRA's stay provision provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C.A. § 78u-4(b)(3)(B); *ATSI Commc'ns, Inc. v. The Shaar Fund, Ltd.*, 2003 WL 1877227, at *2 (S.D.N.Y. Apr. 9, 2003) (the PSLRA "precludes discovery . . . until the court sustains the sufficiency of the complaint"). The mandatory stay "does not distinguish between discovery of non-parties and parties." *Faulkner v. Verizon Commc'ns, Inc.*, 156 F. Supp. 2d 384, 404 (S.D.N.Y. 2001).

Here, no court has yet assessed the legal sufficiency of Plaintiffs' Complaint in *Bahs*. Ordinarily, a named defendant's mere announcement of its intent to file a motion to dismiss would trigger the PSLRA's mandatory stay on discovery. *See Sedona*, 2005 WL 2647945, at *2 n.1 ("[T]he PSLRA stay of discovery applies when an initial motion to dismiss is contemplated, but has not yet been filed."). That would plainly bar Plaintiffs from taking any discovery, including discovery from non-parties.

Plaintiffs, however, attempt an end-run around the PSLRA through strategic pleading. Plaintiffs filed a securities fraud action naming no actual defendants, presumably because Plaintiffs thought that would avoid a motion to dismiss preventing the extensive discovery they seek. Despite naming no actual defendants, Plaintiffs identify by name 16 market participants about whose orders and trades Plaintiffs seek extensive data, and moreover have been capable of narrowing that list to four specific market participants. Those market participants have not been named as defendants or given any other notice and opportunity by Plaintiffs to indicate their views, even though Plaintiffs purport to know enough to seek information about their trading in their Subpoena on Nasdaq. Indeed, the proffered narrowing of the Subpoena data to four market participants only further suggests that Plaintiffs have identified at least some of the parties they wish to name as defendants. The Court should reject this ruse to circumvent the PSLRA stay.

"Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by defendants after the action has been filed." *Faulkner*, 156 F. Supp. 2d at 403 (quoting *Medhekar v. United States Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996)). Further, in enacting the PSLRA stay, Congress was "concerned with the cost of discovery forcing settlement of frivolous lawsuits, and with fishing expeditions for discovery in the hope of finding a sustainable claim not alleged in the complaint." *Sedona*, 2005 WL 2647945, at *2. If Plaintiffs were permitted to require Nasdaq's compliance with the Subpoena, the Court would be condoning the exact sort of "fishing expedition" that the PSLRA sought to remedy. *Id.* (a complaint arising under the PSLRA "must stand or fall based on the allegations contained therein"); *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1106 (C.D. Cal. 2007). Indeed, Plaintiffs underscore that this is a fishing expedition when they insist they have no "present intention" to sue Nasdaq, yet reserve the right to do so because they are currently "in a vacuum."

Consistent with the intent of the PSLRA, courts regularly hold that the PSLRA stay applies when a motion to dismiss is *intended*, even if one has not been filed. *See, e.g.*, *Sedona*, 2005 WL 2647945, at *2 n.1; *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 15-6167, 2016 WL 11796891, at *2 (N.D. Cal. June 23, 2016) ("Courts . . . treat the stay as

U.S. District Judge
August 19, 2025
Page 4

automatically in place even before the filing of a motion to dismiss."). Nasdaq certainly will move to dismiss under Rule 12, should Plaintiffs name Nasdaq as a defendant as they have reserved the right to do. The Complaint is threadbare of any facts supporting even an ordinary cause of action, much less completely missing the type of specificity required to meet the heightened pleading standards of the PSLRA. *Faulkner*, 156 F. Supp. 2d at 403. Plaintiffs' attempted end-run around the PSLRA's mandatory stay should be rejected. *See ATSI Commc'ns, Inc.*, 2003 WL 1877227, at *3 (barring plaintiffs from conducting third-party discovery in a separate action, where the court suspected that plaintiffs were attempting "an end-run around the PSLRA" and "to seek discovery for the purpose of attempting to file an amended complaint"); *Faulkner*, 156 F. Supp. 2d at 404 (denying motion to lift discovery stay where plaintiffs "cho[se] to proceed through a third party . . . in order to circumvent the statute"); *Newby v. Enron Corp.*, 2002 WL 1001056, at *2 (S.D. Tex. May 1, 2002). Any questions as to whether the stay applies must be resolved in favor of its enforcement. *See Gardner v. Major Auto. Companies*, 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) ("[C]ourts have broadly construed the scope of the stay provision.").

Finally, no "exigent circumstances" exist that would justify lifting the PSLRA stay. *See Sedona*, 2005 WL 2647945, at *4. Pursuant to the PSLRA, the mandatory stay provision may be lifted only when "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C.A. § 78u-4(b)(3)(B). The Court should refuse to lift the PSLRA for two reasons. First, the Subpoena, on its face, is not "particularized." *See, e.g.*, *Faulkner*, 156 F. Supp. 2d at 401 (request for "all" documents not "particularized"). Even as narrowed, it improperly seeks broad sets of data for four of the most active trading firms in the country, across three Nasdaq platforms and five ETFs over 60 non-consecutive days to be selected by Plaintiffs. The request is in no way limited to the minutes around trading activity of concern, or to narrowly tailored sets of relevant information in such time frames. Instead, it encompasses hundreds of pieces of information. *See In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 684 (D. Md. 2000) (holding that subpoena seeking 21 categories of documents and testimony on 32 different subjects was not sufficiently particularized).

Second, and more fundamentally, Plaintiffs have not shown that an exception to the stay is necessary to preserve evidence or prevent undue prejudice. Plaintiffs insist that, if the Court does not enforce the Subpoena, they will be prejudiced by not being able to bring a case for securities fraud. *See Bahs*, ECF No. 2 (Mem. at 12). But Plaintiffs prove either too much, or too little. On the one hand, Plaintiffs contend that the never-filed, non-expert statistical analysis by Jess Bahs demonstrates the existence of a conspiracy. If so, they should file a complaint naming defendants whom Plaintiffs think were part of that supposed conspiracy and face the requirements of the PSLRA head-on. On the other hand, Plaintiffs assert the need to fish through oceans of data to net facts they hope will lead to a claim, including potentially against Nasdaq. But "as a matter of law, failure to muster facts sufficient to meet the [PSLRA's] pleading requirements cannot constitute the requisite 'undue prejudice' to the plaintiff justifying a lift of the discovery stay." *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909, 913 (9th Cir. 1999); *see also 380544 Canada, Inc. v. Aspen Tech., Inc.*, 2007 WL 2049738, at *4 (S.D.N.Y. July 18, 2007) ("[T]he mere fact that the discovery stay will prevent Plaintiffs from collecting evidence to . . . plan their litigation strategy does not constitute undue prejudice."). Indeed, preventing plaintiffs from using discovery to find what they do not have before filing is precisely the point of the automatic stay.

Accordingly, the Court should quash the Subpoena as violative of the PSLRA, a basis never even brought to the Eastern District of Michigan court's attention.

U.S. District Judge
August 19, 2025
Page 5

### b.  The Subpoena is overbroad and unduly burdensome.

Even if the Court were to conclude the PSLRA's mandatory stay does not apply, the Subpoena must nonetheless be quashed because it imposes an undue burden on Nasdaq. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). "The party seeking discovery bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome." *Lelchook v. Lebanese Canadian Bank, SAL*, 670 F. Supp. 3d 51, 54-55 (S.D.N.Y. 2023). "When evaluating undue burden, the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed." *Id.*

Plaintiffs' Subpoena imposes an undue burden on Nasdaq for several reasons. *First*, Subpoena requests are facially overbroad, including requests for "all order message data" related to dozens of MPIDs and ETFs, unspecified information requiring consultation with an expert, and a catch-all request. *See Alcon Vision, LLC v. Allied Vision Grp., Inc.*, 2019 WL 4242040, at *3 (S.D.N.Y. Sept. 6, 2019) (quashing non-party subpoena that sought "All Documents" in connection with several topics as unduly burdensome); *Lelchook*, 670 F. Supp. 3d at 55 (quashing subpoena seeking "all" documents acquired by non-party "relating to a list of so-called Relevant Persons"); *Delgado v. Donald J. Trump for President, Inc.*, 2024 WL 3730499, at *3 (S.D.N.Y. May 13, 2024) (quashing non-party subpoena that sought "any and all documents and communications" over a "one-and-a-half-year period" concerning a person to be "overly burdensome," where it was "speculative" whether non-party had any relevant information). Plaintiffs' proposed "narrowing" does not compel a different result; as explained above, Plaintiffs continue to demand hundreds of data points over 60 full trading days, bearing little relevance to identifying any market participant other than the four on whom Plaintiffs are already focused.

*Second*, the Subpoena seeks data that are not relevant to "identifying the parties making the trades at issue" in the *Bahs* Complaint, which is the "limited purpose" Plaintiffs represented to the Eastern District of Michigan for which they seek non-party discovery. *Bahs*, ECF No. 2 (Mem. at 9). The requested MPIDs used to place orders with respect to an EFT "do *not* identify the investor on whose behalf a trade was made"—i.e., who might have engaged in the alleged market manipulation. *See generally City of Providence, Rhode Island v. Bats Global Markets, Inc*., 2022 WL 902402, at *12 (S.D.N.Y. Mar. 28, 2022). Exchanges like Nasdaq simply do not have visibility into who is placing orders beyond the executing brokers. *Third*, other than a single conclusory assertion in their Ex Parte Motion that the requested "information is simply not available through any other means," *see Bahs*, ECF No. 2 (Mem. at 12), Plaintiffs have made no showing of that to be true. Indeed, there is nothing in the record indicating that Plaintiffs made any effort to seek the requested information from other publicly available sources, despite their obligation under Rule 45 not to impose an undue burden on non-parties. Fed. R. Civ. P. 26(b)(2)(C) (courts "must limit" discovery where information sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive"). Because the Subpoena imposes an undue burden on Nasdaq, the Court should quash it.

### III.    Conclusion

For the foregoing reasons, Nasdaq respectfully requests that the Court schedule a pre-motion conference and grant it the relief requested herein.

U.S. District Judge
August 19, 2025
Page 6

Respectfully submitted,

Jacquelyn Schell

cc:    Stephen J. Kastenberg, Esq., Ballard Spahr LLP (via email)
       Facundo Bouzat, Esq., Ballard Spahr LLP (via email)
       Mary Dirkes, Esq. Howard & Howard Attorneys PLLC (Via email, Mary C. Dirkes,
       mdirkes@howardandhoward.com and U.S. mail. 450 W. Fourth St., Royal Oak, MI
       48067)
       Michael J. Sheehan, Esq., Howard & Howard Attorneys PLLC (via email,
       mjs@h2law.com, and U.S. mail. 450 W. Fourth St., Royal Oak, MI 48067)