# Ballard Spahr LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Jacquelyn Schell
Tel: 646.446.8048
Fax: 212.223.1942
SchellJ@ballardspahr.com

August 19, 2025

*By Electronic Filing*

U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Jess Bahs and Denise Bahs v. John Doe Defendant(s) (1)-(3)*, Motion to Quash Non-Party Subpoena in Underlying Case No. 2:25-cv-11548 (E.D. Mich.)

Your Honor:

We represent Nasdaq, Inc. ("Nasdaq"), a non-party on which Plaintiffs Jess and Denise Bahs ("Plaintiffs") served a document subpoena in the above-referenced action ("Subpoena"). *See* Ex. A. We write, pursuant to Fed. R. Civ. P. 45(d) and Local Civil Rule 37.2, to request a pre-motion conference in advance of Nasdaq's anticipated motion to quash the Subpoena. The Subpoena is improper for several reasons, including because it violates the Private Securities Litigation Reform Act's ("PSLRA") mandatory discovery stay and imposes an undue burden.

**I.     Background**

Plaintiffs are Jess Bahs, an attorney and armchair retail securities trader, and Denise Bahs, his spouse, who filed a securities fraud action in the Eastern District of Michigan against three John Doe Defendants and no named defendants. *See Bahs v. Does*, No. 2:25-cv-11548 (E.D. Mich.) (hereafter, "*Bahs*"), ECF No. 1. The Complaint does not describe any entity's actual conduct. Instead, it is premised on the bald allegation that the Doe Defendants manipulated or aided the manipulation of the price of securities known as Exchange Traded Funds ("ETFs") that Plaintiffs purchased during the years 2021 and 2022. *Id.* ¶¶ 1-18. The Complaint alleges violations of federal securities law, including Sections 9(a)(2) and 10(b) of the Securities Exchange Act of 1934, as amended by the PSLRA. *Id.* ¶¶ 35-47.

Soon after filing the Complaint, Plaintiffs filed an Ex Parte Motion for Leave to File Third Party Subpoenas Prior to a Rule 26(f) Conference ("Ex Parte Motion"). *Bahs*, ECF No. 2. Plaintiffs sought permission to serve three document subpoenas on non-parties "for the limited purpose of identifying the parties making the trades at issue." *Id.* (Mem. at 9). Nasdaq is one of the three non-parties. Plaintiffs never notified Nasdaq of their Ex Parte Motion, and the Motion did not address for the Eastern District of Michigan District Court the PSLRA's mandatory stay on discovery. In a one-paragraph order, that District Court granted Plaintiffs' motion. *Bahs*, ECF No. 4.

In the Ex Parte Motion, Plaintiffs purported to rely upon, but did not attach, what they called "plentiful statistical evidence" supporting their theory that "unknown parties are engaging in fraudulent schemes to manipulate the price of the ETFs traded by Plaintiffs." *Bahs*, ECF No. 2

(Mem. at 1 & 8). However, Plaintiffs have acknowledged to Nasdaq that Mr. Bahs conducted the analysis, not an economist. According to his law firm web bio, Mr. Bahs is a corporate attorney, not a statistician or econometrician. *See* https://fisherbroyles.com/people/jess-bahs/

On June 5, 2025, Plaintiffs served the Subpoena on Nasdaq. Ex. A. The Subpoena requires production in this venue, and demands that Nasdaq produce massive amounts of data, including, among other things, "all order message data – including order placements, modifications, cancellations, and executions – from" three Nasdaq trading platforms related to a list of 13 ETFs for 16 market participants and nearly 50 market participant identifiers ("MPIDs") during a two-year period. Ex. A (Attach. A at 1-2). It further requests that Nasdaq search for 11 fields of information, most of which do not pertain to the identity of any particular entity. *Id.* (Attach. A at 2-3). What is more, the Subpoena demands that Nasdaq conduct its own analysis for Plaintiffs by providing "order data" concerning additional unspecified MPIDs if an "MPID is one of the top 15 MPIDs that are most active on each calendar day in the Relevant Time Period for the Relevant ETFs (based on number of orders placed, whether cancelled or filled)." *Id.* (Attach. A at 4). Finally, the Subpoena contains a broad catch-all provision, requesting "all documents and data reflecting or relating to any trading or order activity in the Relevant ETFs." *Id.* (Attach. A at 4).

On June 16, 2025, Nasdaq timely objected to the Subpoena. *See* Ex. B (Nasdaq's Objection Letter). Those objections include, among others, that the Subpoena violates the PSLRA's mandatory discovery stay and imposes an undue burden on Nasdaq. Counsel for Nasdaq met and conferred with Plaintiffs' Counsel on one occasion by telephone and also through a number of emails. As a result of the meet and confer, Plaintiffs confirmed they would not withdraw the Subpoena, but that they would narrow it to some degree, seeking trading data for five ETFs, for 60 non-consecutive days, for four of the nation's largest securities trading firms, whose identities Plaintiffs specified. In addition, insofar as it is pertinent to the PSLRA, Plaintiffs also clarified they were reserving the right to name Nasdaq as a defendant.[1]

## II.  Argument

Nasdaq respectfully moves the Court to enter a protective order quashing Plaintiffs' Subpoena.[2] Under Rule 45, the "court for the district where compliance is required" *must* quash a subpoena that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

As Nasdaq is located in New York City, this Court has jurisdiction over the enforcement of Plaintiffs' Subpoena. *See In re Smerling Litig.*, 2022 WL 684148, at *2 (S.D.N.Y. Mar. 8, 2022). As explained below, this Court must quash the Subpoena because it was served in violation of the PSLRA's mandatory discovery stay and it otherwise imposes an undue burden on a non-party.

---

[1] In response to Nasdaq's inquiry, Plaintiffs, in an August 14, 2025 email, specified, "While the Bahs's have no present intention of suing NASDAQ, they of course cannot provide a release or covenant not to sue at this juncture because they would be doing so in a vacuum."

[2] Because Nasdaq objected to the Subpoena within 14 days of receipt, it has complied with its obligations under Fed. R. Civ. P. 54(d)(2)(B).

U.S. District Judge
August 19, 2025
Page 3

### a. The Subpoena violates the PSLRA's mandatory discovery stay.

The "PSLRA requires that the sufficiency of all claims asserted under the federal securities laws be determined *before* discovery proceeds." *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945, at *4 (S.D.N.Y. Oct. 14, 2005) (emphasis added). To that end, the PSLRA's stay provision provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C.A. § 78u-4(b)(3)(B); *ATSI Commc'ns, Inc. v. The Shaar Fund, Ltd.*, 2003 WL 1877227, at *2 (S.D.N.Y. Apr. 9, 2003) (the PSLRA "precludes discovery . . . until the court sustains the sufficiency of the complaint"). The mandatory stay "does not distinguish between discovery of non-parties and parties." *Faulkner v. Verizon Commc'ns, Inc.*, 156 F. Supp. 2d 384, 404 (S.D.N.Y. 2001).

Here, no court has yet assessed the legal sufficiency of Plaintiffs' Complaint in *Bahs*. Ordinarily, a named defendant's mere announcement of its intent to file a motion to dismiss would trigger the PSLRA's mandatory stay on discovery. *See Sedona*, 2005 WL 2647945, at *2 n.1 ("[T]he PSLRA stay of discovery applies when an initial motion to dismiss is contemplated, but has not yet been filed."). That would plainly bar Plaintiffs from taking any discovery, including discovery from non-parties.

Plaintiffs, however, attempt an end-run around the PSLRA through strategic pleading. Plaintiffs filed a securities fraud action naming no actual defendants, presumably because Plaintiffs thought that would avoid a motion to dismiss preventing the extensive discovery they seek. Despite naming no actual defendants, Plaintiffs identify by name 16 market participants about whose orders and trades Plaintiffs seek extensive data, and moreover have been capable of narrowing that list to four specific market participants. Those market participants have not been named as defendants or given any other notice and opportunity by Plaintiffs to indicate their views, even though Plaintiffs purport to know enough to seek information about their trading in their Subpoena on Nasdaq. Indeed, the proffered narrowing of the Subpoena data to four market participants only further suggests that Plaintiffs have identified at least some of the parties they wish to name as defendants. The Court should reject this ruse to circumvent the PSLRA stay.

"Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by defendants after the action has been filed." *Faulkner*, 156 F. Supp. 2d at 403 (quoting *Medhekar v. United States Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996)). Further, in enacting the PSLRA stay, Congress was "concerned with the cost of discovery forcing settlement of frivolous lawsuits, and with fishing expeditions for discovery in the hope of finding a sustainable claim not alleged in the complaint." *Sedona*, 2005 WL 2647945, at *2. If Plaintiffs were permitted to require Nasdaq's compliance with the Subpoena, the Court would be condoning the exact sort of "fishing expedition" that the PSLRA sought to remedy. *Id.* (a complaint arising under the PSLRA "must stand or fall based on the allegations contained therein"); *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1106 (C.D. Cal. 2007). Indeed, Plaintiffs underscore that this is a fishing expedition when they insist they have no "present intention" to sue Nasdaq, yet reserve the right to do so because they are currently "in a vacuum."

Consistent with the intent of the PSLRA, courts regularly hold that the PSLRA stay applies when a motion to dismiss is *intended*, even if one has not been filed. *See, e.g., Sedona*, 2005 WL 2647945, at *2 n.1; *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 15-6167, 2016 WL 11796891, at *2 (N.D. Cal. June 23, 2016) ("Courts . . . treat the stay as

automatically in place even before the filing of a motion to dismiss."). Nasdaq certainly will move to dismiss under Rule 12, should Plaintiffs name Nasdaq as a defendant as they have reserved the right to do. The Complaint is threadbare of any facts supporting even an ordinary cause of action, much less completely missing the type of specificity required to meet the heightened pleading standards of the PSLRA. *Faulkner*, 156 F. Supp. 2d at 403. Plaintiffs' attempted end-run around the PSLRA's mandatory stay should be rejected. *See ATSI Commc'ns, Inc.*, 2003 WL 1877227, at *3 (barring plaintiffs from conducting third-party discovery in a separate action, where the court suspected that plaintiffs were attempting "an end-run around the PSLRA" and "to seek discovery for the purpose of attempting to file an amended complaint"); *Faulkner*, 156 F. Supp. 2d at 404 (denying motion to lift discovery stay where plaintiffs "cho[se] to proceed through a third party . . . in order to circumvent the statute"); *Newby v. Enron Corp.*, 2002 WL 1001056, at *2 (S.D. Tex. May 1, 2002). Any questions as to whether the stay applies must be resolved in favor of its enforcement. *See Gardner v. Major Auto. Companies*, 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) ("[C]ourts have broadly construed the scope of the stay provision.").

Finally, no "exigent circumstances" exist that would justify lifting the PSLRA stay. *See Sedona*, 2005 WL 2647945, at *4. Pursuant to the PSLRA, the mandatory stay provision may be lifted only when "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C.A. § 78u-4(b)(3)(B). The Court should refuse to lift the PSLRA for two reasons. First, the Subpoena, on its face, is not "particularized." *See, e.g., Faulkner*, 156 F. Supp. 2d at 401 (request for "all" documents not "particularized"). Even as narrowed, it improperly seeks broad sets of data for four of the most active trading firms in the country, across three Nasdaq platforms and five ETFs over 60 non-consecutive days to be selected by Plaintiffs. The request is in no way limited to the minutes around trading activity of concern, or to narrowly tailored sets of relevant information in such time frames. Instead, it encompasses hundreds of pieces of information. *See In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 684 (D. Md. 2000) (holding that subpoena seeking 21 categories of documents and testimony on 32 different subjects was not sufficiently particularized).

Second, and more fundamentally, Plaintiffs have not shown that an exception to the stay is necessary to preserve evidence or prevent undue prejudice. Plaintiffs insist that, if the Court does not enforce the Subpoena, they will be prejudiced by not being able to bring a case for securities fraud. *See Bahs*, ECF No. 2 (Mem. at 12). But Plaintiffs prove either too much, or too little. On the one hand, Plaintiffs contend that the never-filed, non-expert statistical analysis by Jess Bahs demonstrates the existence of a conspiracy. If so, they should file a complaint naming defendants whom Plaintiffs think were part of that supposed conspiracy and face the requirements of the PSLRA head-on. On the other hand, Plaintiffs assert the need to fish through oceans of data to net facts they hope will lead to a claim, including potentially against Nasdaq. But "as a matter of law, failure to muster facts sufficient to meet the [PSLRA's] pleading requirements cannot constitute the requisite 'undue prejudice' to the plaintiff justifying a lift of the discovery stay." *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909, 913 (9th Cir. 1999); *see also 380544 Canada, Inc. v. Aspen Tech., Inc.*, 2007 WL 2049738, at *4 (S.D.N.Y. July 18, 2007) ("[T]he mere fact that the discovery stay will prevent Plaintiffs from collecting evidence to . . . plan their litigation strategy does not constitute undue prejudice."). Indeed, preventing plaintiffs from using discovery to find what they do not have before filing is precisely the point of the automatic stay.

Accordingly, the Court should quash the Subpoena as violative of the PSLRA, a basis never even brought to the Eastern District of Michigan court's attention.

### b. The Subpoena is overbroad and unduly burdensome.

Even if the Court were to conclude the PSLRA's mandatory stay does not apply, the Subpoena must nonetheless be quashed because it imposes an undue burden on Nasdaq. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). "The party seeking discovery bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome." *Lelchook v. Lebanese Canadian Bank, SAL*, 670 F. Supp. 3d 51, 54-55 (S.D.N.Y. 2023). "When evaluating undue burden, the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed." *Id.*

Plaintiffs' Subpoena imposes an undue burden on Nasdaq for several reasons. *First*, Subpoena requests are facially overbroad, including requests for "all order message data" related to dozens of MPIDs and ETFs, unspecified information requiring consultation with an expert, and a catch-all request. *See Alcon Vision, LLC v. Allied Vision Grp., Inc.*, 2019 WL 4242040, at *3 (S.D.N.Y. Sept. 6, 2019) (quashing non-party subpoena that sought "All Documents" in connection with several topics as unduly burdensome); *Lelchook*, 670 F. Supp. 3d at 55 (quashing subpoena seeking "all" documents acquired by non-party "relating to a list of so-called Relevant Persons"); *Delgado v. Donald J. Trump for President, Inc.*, 2024 WL 3730499, at *3 (S.D.N.Y. May 13, 2024) (quashing non-party subpoena that sought "any and all documents and communications" over a "one-and-a-half-year period" concerning a person to be "overly burdensome," where it was "speculative" whether non-party had any relevant information). Plaintiffs' proposed "narrowing" does not compel a different result; as explained above, Plaintiffs continue to demand hundreds of data points over 60 full trading days, bearing little relevance to identifying any market participant other than the four on whom Plaintiffs are already focused.

*Second*, the Subpoena seeks data that are not relevant to "identifying the parties making the trades at issue" in the *Bahs* Complaint, which is the "limited purpose" Plaintiffs represented to the Eastern District of Michigan for which they seek non-party discovery. *Bahs*, ECF No. 2 (Mem. at 9). The requested MPIDs used to place orders with respect to an EFT "do *not* identify the investor on whose behalf a trade was made"—i.e., who might have engaged in the alleged market manipulation. *See generally City of Providence, Rhode Island v. Bats Global Markets, Inc.*, 2022 WL 902402, at *12 (S.D.N.Y. Mar. 28, 2022). Exchanges like Nasdaq simply do not have visibility into who is placing orders beyond the executing brokers. *Third*, other than a single conclusory assertion in their Ex Parte Motion that the requested "information is simply not available through any other means," *see Bahs*, ECF No. 2 (Mem. at 12), Plaintiffs have made no showing of that to be true. Indeed, there is nothing in the record indicating that Plaintiffs made any effort to seek the requested information from other publicly available sources, despite their obligation under Rule 45 not to impose an undue burden on non-parties. Fed. R. Civ. P. 26(b)(2)(C) (courts "must limit" discovery where information sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive"). Because the Subpoena imposes an undue burden on Nasdaq, the Court should quash it.

### III. Conclusion

For the foregoing reasons, Nasdaq respectfully requests that the Court schedule a pre-motion conference and grant it the relief requested herein.

U.S. District Judge
August 19, 2025
Page 6

Respectfully submitted,

*[signature]*

Jacquelyn Schell

cc:    Stephen J. Kastenberg, Esq., Ballard Spahr LLP (via email)
Facundo Bouzat, Esq., Ballard Spahr LLP (via email)
Mary Dirkes, Esq. Howard & Howard Attorneys PLLC (Via email, Mary C. Dirkes, mdirkes@howardandhoward.com and U.S. mail. 450 W. Fourth St., Royal Oak, MI 48067)
Michael J. Sheehan, Esq., Howard & Howard Attorneys PLLC (via email, mjs@h2law.com, and U.S. mail. 450 W. Fourth St., Royal Oak, MI 48067)


The Court advises Nasdaq that it does not require pre-motion conferences. If Nasdaq nonetheless seeks one, it will be scheduled promptly. If not, counsel shall submit a letter proposing a briefing schedule for the anticipated motion no later than September 3, 2025. This schedule shall provide an opportunity for plaintiffs in the underlying matter, Jess and Denise Bahs, to submit opposition briefing.

SO ORDERED.

*[signature]*

Hon. Ronnie Abrams
August 26, 2025

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| JESS BAHS AND DENISE BAHS ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No. 2:25-cv-11548-LJM-DRG |
| ) | |
| JOHN DOE DEFENDANTS 1-3 ) | |
| _Defendant_ ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Nasdaq, Inc.
_(Name of person to whom this subpoena is directed)_

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT A

| Place: U.S. Legal Support<br>477 Madison Avenue, 6th Floor<br>New York, NY 10022 | Date and Time: June 30, 2025<br>5:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 4, 2025

_KINIKIA D. ESSIX, CLERK OF COURT_     OR     _/s/_
_Signature of Clerk or Deputy Clerk_           _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Jess Bahs and Denise Bahs                       , who issues or requests this subpoena, are:

Michael J. Sheehan, Howard & Howard Attorneys PLLC, 450 W. Fourth Street, Royal Oak, MI 48067, (248) 645-1483
mjs@h2law.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-11548-LJM-DRG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

TO:
Nasdaq, Inc.
Attn: Resident Agent
The Corporation Trust Company
1209 Orange Street, Wilmington, DE 19801

## INSTRUCTIONS

A.  This subpoena seeks all records (including without limitation all electronic records) and data maintained or in the possession, custody or control of Nasdaq Stock Market, Inc. and any of its subsidiaries and affiliates related to the specific Exchange Traded Funds ("ETFs") and Market Participants specified below.

B.  This subpoena seeks documentation related to trading in the following ETFs, noted by their ticker symbols (the "Relevant ETFs"):

TLT
XSD
KRE
JETS
GLD
XLE
XME
XBI
IBB
EWW
EWZ
ARKG
ARKK

1

C.  The relevant time period is January 1, 2021 to December 31, 2022 (the "Relevant Time Period").

D.  Please produce the requested records and data in native format with field definitions or data schema that can be opened and column/row sorted within Microsoft Excel (such as in tab (TSV), comma (CSV), or other usable delimited data field formats functional with Microsoft Excel). Files should be per ETF per day with the ETF and date indicated in the filename.

E.  Delivery may be made via downloadable format from the cloud, or by disc or thumb drive.

**DOCUMENT REQUESTS**

1.  Please produce all order message data — including order placements, modifications, cancellations, and executions — from your NASDAQ TotalView-ITCH, BX and PSX feeds for the following affiliated trading venues:

    NASDAQ INET, NASDAQ BX, NASDAQ PSX

    With the following requested fields:

    - OrderID or ClOrdID
    - FirmMPID (market participant identifier)
    - Side (buy/sell)
    - OrderType (limit, IOC, pegged, etc.)
    - Event Type (New, Add, Modify, Cancel, Fill)
    - Timestamps (order entry, modification, cancellation, execution)
    - ExecutedQty and RemainingQty
    - Price and Quantity
    - Routing or internalization flags
    - Attribution for both sides of any trade execution

- Indicators (hidden, reserve, midpoint, pegged)

And limited to the following market participants:

| Market Participants Selected: | Including but not limited to the following MPIDs: |
|---|---|
| Citadel Securities | CSTO, CDEL, SBSH, CDRG |
| Virtu Financial | VIRT, NITE, VNDM, VFIN |
| Jane Street | JNST, JSTT, JANE |
| Two Sigma Securities | TSSI, TSSP |
| Hudson River Trading | HRTU, HRTR, HRTF |
| IMC Financial | IMCC, IMCG, IMCU |
| GTS (Global Trading Systems) | GTSG, GTSX, GTSM |
| Susquehanna (SIG) | SUSQ, SGAS, SUSA |
| G1 Execution Services | G1EX, G1XS |
| Tower Research Capital | TRCO, TRCT, TWER |
| Wolverine Trading | WFIN, WFIC, WTRD |
| Citigroup Global Markets | SBSH, CITI |
| Morgan Stanley | MSCO |
| E*Trade | ETRS, ETCL, TIED, DEMP, DFLR |
| Charles Schwab | CHAS, CHBC, SCGI |

3

| | |
|---|---|
| TD Ameritrade, Inc | FOMA, TDAR, SWIM, RJTS, WATH |

In addition to the above MPID participants, provide any MPID information and requested order data for MPIDs not listed above if such MPID is one of the top 15 MPIDs that are most active on each calendar day in the Relevant Time Period for the Relevant ETFs (based on number of orders placed, whether cancelled or filled).

2. To the extent not already produced, please produce all documents and data reflecting or relating to any trading or order activity in the Relevant ETFs.

4898-2512-0586, v. 1

# Exhibit B



805 King Farm Blvd, Rockville MD 20850 USA | Nasdaq.com

June 16, 2025

*Via E-mail (mjs@h2law.com)*

Michael J. Sheehan
Howard & Howard Attorneys PLLC
450 W. Fourth Street
Royal Oak, MI 48067

Re:     Jess Bahs and Denise Bahs v John Does 1-3, No.2:25-cv-11548-LJM-DRG

Dear Mr. Sheehan:

Nasdaq, Inc. ("Nasdaq") is in receipt of the subpoena in the above-referenced matter, dated June 4, 2025 and served on June 5, 2025 (the "Subpoena"). The Subpoena requests from Nasdaq, a non-party, from January 1, 2021 through December 31, 2022, "all records (including without limitation all electronic records) and data maintained or in the possession, custody or control of Nasdaq Stock Market, Inc. and any of its subsidiaries and affiliates related to" a list of thirteen Exchange Traded Funds ("ETFs") for sixteen market participants and nearly fifty MPIDs. The Subpoena further demands expert analysis by requesting data concerning additional unspecified MPIDs if an "MPID is one of the top 15 MPIDs that are most active on each calendar day in the Relevant Time Period for the Relevant·ETFs (based on number of orders placed, whether cancelled or filled)." Finally, the Subpoena also contains a broad catch all provision, requesting "all documents and data reflecting or relating to any trading or order activity in the Relevant ETFs." We object to the Subpoena as violating the mandatory stay of discovery under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and imposing unreasonable and undue burdens on a non-party—burdens which would be unacceptable even for a party to the case—and on the grounds set forth below:

1. We object to the Subpoena as violative of the automatic stay of discovery imposed by the PSLRA. Courts generally take an expansive view of the automatic discovery stay. *See*, *e.g.*, *FDIC v. Banc of Am. Funding Corp.*, No. 14-cv-00418-PAB-MJW, 2014 U.S. Dist. LEXIS 52695, at *7 (D. Colo. Apr. 15, 2014) (staying discovery because "[n]on-parties could be unnecessarily burdened by discovery requests via subpoenas and/or depositions if the soon-to-be-filed motion to dismiss is granted in whole or in part."). Thus even though a motion to dismiss is not pending, the stay should be applicable in this unique circumstance where such motion is not possible because of Plaintiffs' failure to identify a defendant.

Michael J. Sheehan
June 16, 2025
Page 2

    2.      We object to the Subpoena to the extent it imposes an undue burden on a non-party, and to the extent the Subpoena's requests are overly broad, unduly burdensome, or not proportional to the needs of the case. More specifically, we object to the Subpoena to the extent it (a) requests information that is not reasonably available from Nasdaq's current systems and is not within Nasdaq's custody or control, (b) requests information that is otherwise available from broker-dealers; and (c) provides an insufficient period of time for production.

    3.      We object to the Subpoena to the extent it seeks confidential regulatory information. Nasdaq is a self-regulatory organization ("SRO"), and SROs like Nasdaq are accorded absolute immunity from discovery, including subpoenas, related to the performance of its regulatory responsibilities. Nasdaq is also entitled to invoke the investigative (or law enforcement) and deliberative-process privileges to protect documents sought from disclosure that relate to the performance of its regulatory responsibilities.

    4.      We object to the Subpoena as conducting a fishing expedition that does not identify the documents sought with sufficient particularity, is duplicative, and is unreasonably cumulative.

    5.      We object to the Subpoena to the extent it seeks information inconsistent with the representations in Plaintiffs' Brief in Support of Ex Parte Motion for Leave to File Third Party Subpoenas Prior to a Rule 26(f) Conference. In particular, while seeking authority to issue the Subpoena for the "limited purpose of identifying the parties making the trades at issue," the data sought from Nasdaq in the Subpoena will not so identify those parties.

    6.      We object to the Subpoena to the extent it requests that data be produced in an unreasonable or unduly burdensome format, including by using Excel files for voluminous amounts of data. For example, the Subpoena requires that the files should be provided "per ETF per day with the ETF and date indicated in the filename." We object to any alleged burdens or duties imposed on a non-party to format, analyze, or provide data in any manner other than the way in which it is maintained in the ordinary course of business.

    7.      We object to the Subpoena to the extent it calls for the production of computer backup files, and of electronically stored information that is not reasonably accessible, because such requests are unduly burdensome.

We reserve the right to supplement these objections with further deficiencies or objections as appropriate. We remain available to meet and confer to discuss the Subpoena, and if you would like to discuss, please reach out to schedule a mutually convenient time for a call.

Michael J. Sheehan
June 16, 2025
Page 3

Sincerely,

*Joanne Pedone*

Joanne Pedone
Principal Associate General Counsel